**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| **NICHOLAS BEATTY,** | Civil Case No.: 15-cv-1510 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| **CLICKSPARK, LLC d/b/a DEGREEMATCH,** | |
| Defendant. | |

## INTRODUCTION

1. This action arises out of Defendant Clickspark, LLC's (d/b/a DegreeMatch) ("Defendant") repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Beginning in approximately March 2015, Defendant placed at least 25 prerecorded telemarketing calls to Plaintiff Nicholas Beatty's ("Plaintiff") cellular telephone.

3. All of these telephone calls were made using an automatic telephone dialing system as defined at 47 U.S.C. § 227(a)(1).

4. All of these calls were prerecorded.

5. At no time did Defendant have consent to call Plaintiff Beatty's cellular telephone using an automatic telephone dialing system or prerecorded voice.

6. Furthermore, when the calls first began, Plaintiff used Defendant's automated system to opt out of receiving future calls, yet the calls continued.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute. The court has supplemental jurisdiction over

Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in, and was directed at, this District.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in, and was directed at, this District. Venue is additionally proper because Plaintiff currently resides in this District.

## PARTIES

10. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Colorado. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

11. Defendant Clickspark, LLC. is, and at all times mentioned herein was, a New York corporation headquartered at 530 Summit Point Drive, Henrietta, New York 14467.

12. Defendant Clickspark, LLC, is and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

## FACTS

13. Beginning in approximately March 2015, Defendant placed numerous and repeated telephone calls to Plaintiff's cellular telephone, number 303-###-7591.

14. These calls were made by Defendant using the telephone number 720-414-2682.

15. All of these calls were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant has/have the capacity to store or produce telephone numbers to be

called, using a random or sequential number generator.

16. All of these calls were made using a prerecorded or artificial voice.

17. All of these calls were made for the purpose of encouraging the purchase of property, goods, or services, making the calls "telemarketing" and "telephone solicitations."

18. Plaintiff never provided Defendant with prior express written consent to make prerecorded or autodialed telemarketing calls to his cellular telephone.

19. Furthermore, when the calls first began, Plaintiff utilized Defendant's automated opt out procedure to opt out of future calls, but his request was ignored.

20. Plaintiff's cellular telephone number 303-###-7591 has been on the National Do-Not-Call Registry since September 9, 2014.

21. Plaintiff's cellular telephone number 303-###-7591 has been on the Colorado No-Call List since March 8, 2013.

22. Accordingly, in addition to violating the TCPA's prohibition on autodialed and/or prerecorded telemarketing calls to cellular telephones, Defendant's calls also violated the TCPA's "Do-Not-Call" provisions and Colorado's No Call List Act, Colo. Rev. Stat. § 6-1-901, *et seq*.

23. Plaintiff has suffered actual damages as a result of the Defendant's telephone calls, including, but not limited to, device storage, data usage, cellular plan usage, and annoyance.

24. As set forth below, Plaintiff is entitled to statutory damages, treble statutory damages, injunctive relief, and attorney's fees.

### FIRST CAUSE OF ACTION
### Violations of 47 U.S.C. § 227(b)(1)(A)(iii)

25. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

26. Defendant placed repeated calls to Plaintiff's cellular telephone.

27. These calls all used an automatic telephone dialing system and an artificial or prerecorded voice.

28. These calls all constituted "telemarketing" and "telephone solicitations."

29. Plaintiff did not provide Defendant with prior express written consent to place such calls to his cellular telephone.

30. Furthermore, Plaintiff revoked any consent Defendant believed it may have had through the automated process set up by Defendant.

31. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

32. Plaintiff is entitled to an award of $500 in statutory damages for each call made negligently, pursuant to 47 U.S.C. § 227(b)(3)(B).

33. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3)(C).

## SECOND CAUSE OF ACTION
### Violations of 47 U.S.C. § 227(c) and 47 CFR § 64.1200(c)(2)

34. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35. Plaintiff's cellular telephone number has been on the National "Do-Not-Call" Registry since September 9, 2014.

36. The calls Defendant placed to Plaintiff's cellular telephone all constituted "telemarketing" and "telephone solicitations."

37. Therefore, in addition to the awards for violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $500 in statutory damages for each call made negligently, pursuant to 47 U.S.C. § 227(c)(5)(B).

38. In addition to the awards for violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5)(C).

### THIRD CAUSE OF ACTION
### Violations of Colorado No-Call List Act, Colo. Rev. Stat. § 6-1-904(1)(a)

39. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

40. Plaintiff's cellular telephone has been registered on the Colorado No-Call List since March 8, 2013.

41. Plaintiff added his zip code to the Colorado No-Call List at that same time.

42. These calls all constituted "telephone solicitations" as defined at Colo. Rev. Stat. § 6-1-903(1).

43. Plaintiff did not provide Defendant with prior express invitation to place such calls to his cellular telephone.

44. Therefore, Defendant's calls constituted a deceptive trade practice under Colo. Rev. Stat. § 6-1-105(1).

45. Plaintiff is entitled to an award of $500 in statutory damages for each call Defendant made to Plaintiff's cellular telephone, pursuant to Colo. Rev. Stat. § 6-1-113(2)(a)(II).

46. Plaintiff is also entitled to an award of attorney's fees, pursuant to Colo. Rev. Stat. § 6-1-113(2)(b).

### FOURTH CAUSE OF ACTION
### Violations of Colorado No-Call List Act, Colo. Rev. Stat. § 6-1-904(1)(b)

47. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

48. Defendant is an entity that made (and makes) telephone solicitations to residential and wireless telephone subscribers in Colorado.

49. Defendant was therefore required to register and pay a registration fee in accordance with Colo. Rev. Stat. § 6-1-905(3)(b)(II).

50. Defendant has not so registered.

51. Defendant's failure to register constitutes a deceptive trade practice under Colo. Rev. Stat. § 6-1-105(1).

52. Plaintiff is entitled to an award of $500 in statutory damages for each call Defendant made to Plaintiff's cellular telephone while Defendant was unregistered, pursuant to Colo. Rev. Stat. § 6-1-113(2)(a)(II).

53. Plaintiff is also entitled to an award of attorney's fees, pursuant to Colo. Rev. Stat. § 6-1-113(2)(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Nicholas Beatty prays for the following relief:

A. An order declaring that Defendant's actions violate the above cited provisions of 47 U.S.C. § 227, *et seq.* and Colo. Rev. Stat. § 6-1-901, *et seq.*

B. An award of injunctive and other equitable relief prohibiting Defendant from engaging further in the wrongful and unlawful acts described herein;

C. An award $500 per call for each call made negligently and in violation of 47 U.S.C. § 227(b), pursuant to 47 U.S.C. § 227(b)(3)(B);

D. An award of $1500 per call for each call made knowingly and/or willfully and in violation of 47 U.S.C. § 227(b), pursuant to 47 U.S.C. § 227(b)(3)(C);

E. An award of $500 per call for each call made negligently and in violation of 47 U.S.C. § 227(c), pursuant to 47 U.S.C. § 227(c)(5)(B);

F. An award of $1500 per call for each call made willfully and/or knowingly and in

      violation of 47 U.S.C. § 227(c), pursuant to 47 U.S.C. § 227(c)(5)(C);

G. An award of $500 per call for each violation of Colo. Rev. Stat. § 6-1-904(1)(a);

H. An award of $500 per call for each call made while unregistered, in violation of Colo. Rev. Stat. §. 6-1-904(1)(b);

I. An award of reasonable attorneys' fees and costs; and

J. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** July 16, 2015

*/s/ Jeremy M. Glapion*_____
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive, Suite 102
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com